UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALTERNATIVE ENTERTAINMENT
ENTERPRISES, INC.,

                      Plaintiff,        CIVIL CASE NO. 05-40376

v.

                                   HONORABLE PAUL V. GADOLA
UNITED STATES,                    U.S. DISTRICT COURT

                      Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On December 8, 2005, Plaintiff Alternative Entertainment Enterprises, Inc. ("AEEI") filed a complaint against Defendant United States. On February 13, 2006, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set out below, the Court will grant Defendant's motion.

**I.      Background**

This is a case involving an income tax overpayment dispute between Plaintiff AEEI and Defendant United States. Plaintiff is a Michigan corporation with one individual, L. Fallasha Erwin, who acts as the sole officer, director, and shareholder of the corporation. On March 30, 1999 and then on June 22, 1999, Plaintiff remitted to the Internal Revenue Service ("IRS") as a payment towards its 1999 taxes the amounts of $31,000 and $20,000 respectively, totaling $51,000. Plaintiff's tax return for the 1999 fiscal year was due on March 15, 2000. On April 25, 2004, more than four years later, Plaintiff filed its corporate income tax return for the 1999 fiscal year. Plaintiff reported tax due of $4,194 for the 1999 fiscal year, and sought a refund for its overpayment of taxes in the amount of $46,806.

On June 22, 2000, Plaintiff remitted to the IRS as a payment towards its 2000 taxes the amount of $20,000. Plaintiff's tax return for the 2000 fiscal year became due on October 15, 2000. On April 26, 2004, approximately three years and six months later, Plaintiff filed its tax return for the 2000 fiscal year. Plaintiff reported tax due in the amount of $8,568 for the 2000 fiscal year, and sought a refund for its overpayment of taxes in the amount of $11,432. Plaintiff did not pay income taxes for the fiscal years of 2001, 2002, or 2003 during this period. On September 20, 2004, the IRS denied Plaintiff's refund claims for the 1999 and 2000 fiscal years. The Appeals Division also denied Plaintiff's claims for refund. Consequently, Plaintiff commenced this action on December 8, 2005, seeking recovery of a total amount of $58,238 for overpayment of income taxes for the 1999 and 2000 fiscal years.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Minger v. Green*, 239 F.3d 793, 797 (6th Cir. 2001) (citations omitted). In applying the standards under Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

The Court will not, however, presume the truthfulness of any legal conclusion, opinion, or deduction, even if it is couched as a factual allegation. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The Court will not dismiss a cause of action "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

2

which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Although the pleading standard is liberal, bald assertions and conclusions of law will not enable a complaint to survive a motion pursuant to Rule 12(b)(6).  *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).  To determine whether Plaintiff has stated a claim, the Court will examine the complaint and any written instruments that are attached as exhibits to the pleading. Fed. R. Civ. P. 12(b)(6) & 10(c).

### III.    Analysis

Defendant United States has moved this Court to dismiss Plaintiff AEEI's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendant acknowledges that Plaintiff's claims for refund for the 1999 and 2000 fiscal years were timely under I.R.C. § 6511(a) (codified at 26 U.S.C. § 6511).  Defendant argues, however, that neither of Plaintiff's refund claims can result in recovery under I.R.C. § 6511(b)(2)(A).       I.R.C. § 6511(b)(2)(A) states the following:

> If the claim was filed by the taxpayer during the three-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceeding the filing of the claim, equal to three years plus the period of any extension of time for filing the return.

I.R.C. § 6511(b)(2)(A).  In other words, § 6511(b)(2)(A) limits the amount of available refund to the aggregate amount of tax paid during the three years prior to the claim for refund.  In this current case, since Plaintiff did not pay any taxes in the three fiscal years preceding its refund claims, its collectible refund amount under § 6511(b)(2)(A) is limited to zero.  Therefore, Plaintiff is not entitled to a refund under § 6511.

Plaintiff's first argument in response is that it is entitled to a return on its 1999 and 2000 tax overpayments pursuant to I.R.C. § 6511(h), and that there is a genuine issue of material fact concerning this entitlement which defeats Defendant's motion to dismiss Plaintiff's complaint.

3

I.R.C. § 6511(h) provides:

> (1) In general.  In the case of an individual, the running of the periods specified in subsections (a), (b), and (c) shall be suspended during any period of such individual's life that such individual is financially disabled.
> (2) Financially disabled.
> (A) In general.  For purposes of paragraph (1), an individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

I.R.C. § 6511(h).  Plaintiff's sole employee, officer and shareholder, Mr. L. Fallasha Erwin, was diagnosed with prostate cancer in 2000 and, on account of such illness, allegedly was not able to file returns for the fiscal years of 1999 and 2000 until April 24, 2004.  Plaintiff claims that because it is a corporation consisting of only Mr. L. Fallasha Erwin, it was a financially disabled "individual" under I.R.C. § 6511(h) between the years 2000 and 2004.  Plaintiff concludes that because I.R.C. § 6511(h) tolls the look-back period under I.R.C. § 6511(b)(2)(A) on his 1999 and 2000 tax returns, it is therefore entitled to a return on its overpayment of taxes.  Plaintiff concludes its status as a financially disabled "individual" under I.R.C. § 6511(h) presents a genuine issue of material fact and for this reason Plaintiff claims Defendant's motion to dismiss should be denied.

The three year look-back period was not tolled under I.R.C. § 6511(h) because Plaintiff is not an "individual" but a corporation.  Because Plaintiff is registered as a corporation for tax purposes, it cannot claim "individual" status under § 6511.  *See Voss Indus., Inc. v. United States*, 2003 WL 352769 (N.D. Ohio Jan. 27, 2003) ("[T]olling [under I.R.C. § 6511] is limited to a taxpayer who is unable to manage financial affairs due to a disability. Voss, being a corporation, cannot be so classified.").  Therefore, Plaintiff is precluded from return on its overpayment for the 1999 and 2000 fiscal years by I.R.C. § 6511(b)(2)(A).

4

Plaintiff's second argument against Defendant's motion is that a genuine issue of material fact exists concerning the IRS's handling and classification of an earlier payment of $12,000. Plaintiff alleges the IRS owes it a refund of $12,000 from the 1998 fiscal year, and the unknown status of this amount and how it was processed by the IRS presents an issue of fact sufficient to defeat Defendant's motion to dismiss. As Defendant states in its reply, Plaintiff's contention on this matter is a red herring. The $12,000 amount is not mentioned in Plaintiff's claim for refund nor in its complaint. In addition, this $12,000 overpayment occurred before Plaintiff made its tax payments in 1999 and 2000. Therefore, Plaintiff cannot claim a refund for this $12,000 amount, just as it cannot claim a refund for the 1999 and 2000 overpayments. Plaintiff's second argument does not present a genuine issue of material fact sufficient to defeat Defendant's motion to dismiss.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to dismiss [docket entry 5] is **GRANTED**.

**SO ORDERED.**

Dated:   September 22, 2006            s/Paul V. Gadola
                                      HONORABLE PAUL V. GADOLA
                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   September 22, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
        Michael W. Davis; L. Fallasha Erwin                                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.

                                      s/Ruth A. Brissaud
                                      Ruth A. Brissaud, Case Manager
                                      (810) 341-7845